UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN L. HARRIS, | ) | CASE NO. 4:11 CV 0618 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT F. FARLEY, WARDEN | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Calvin L. Harris has filed the above-captioned Writ of Habeas Corpus against Warden Robert F. Farley at the Federal Satellite Location in Elkton, Ohio ("FSL Elkton"). Petitioner, who is incarcerated at FSL Elkton, claims he is entitled to credit on his federal sentence. He seeks immediate release. For the reasons set forth below, the Petition is dismissed.

*Background*

The Public Access to Court Electronic Records (PACER) service reveals Petitioner pleaded guilty in 1996 to two counts of bank fraud in violation of 18 U.S.C. §1344 in the United

States District Court for the Eastern District of Pennsylvania.[1] *See United States v. Harris*, No. 2:96-CR-0059 (E.D. Pa.). On December 14, 1998, the court sentenced him to serve concurrent 24 month terms on each count.

On December 19, 2001, the United States filed a Motion to Revoke Supervised Release for Petitioner. *See id.* at Dkt. 20. After a hearing before the court, Petitioner's supervised release term was revoked on January 22, 2002. *Id.* at Dkt. #22. He was sentenced to serve 6 months imprisonment, followed by four and ½ years supervised release. *Id.*

On November 14, 2006, the U.S. Probation Office filed a Report and Order for a summons to issue directing Petitioner to appear for a probation revocation hearing. *Id.* at Dkt. # 29. An Addendum to the Report was filed on August 18, 2009. Less than two months later, Judge Kelly held a Supervised Release Violation hearing on October 2, 2009. Considering Petitioner's conviction in the Philadelphia County Court of Common Pleas and his resultant two - four year sentence for receiving stolen property, Judge Kelly revoked his supervised release term. He imposed a one year and one day sentence of imprisonment, followed by 36 months supervised release. The sentence was ordered to run consecutively to Petitioner's state sentence. *Id.* at Dkt. # 35.

A two count information was filed March 10, 2010 in the United States District Court for the Eastern District of Pennsylvania charging Petitioner with aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1342 &2. *United States v. Harris*, No. 2:10cr0182 (E.D. Pa. filed Mar. 10, 2010)(Tucker, J.) He pleaded guilty to the charges. On December 16, 2010 Judge Tucker sentenced him as follows:

---

[1]Because Petitioner complained about a sentence that reflected a violation of his supervised release term, it was relevant to include a reference to his original sentence.

2

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>
> > 1 year and 1 day as to counts 1 and 2. **This sentence is to run consecutive to Judge Kelly's sentence.** This sentence reflects a downward adjustment pursuant to 5G1.3(b) which credits defendant for the prison term he served in state custody.

(Pet.'s Atth.)(emphasis in original.)

Petitioner's Commonwealth sentence ended on November 2, 2010. At that time, the U.S. Marshal delivered him to federal custody. He claims he was "granted a § 5G.1 motion and the State Jail credits were applied to the new federal sentence." (Pet. at 1.) Consequently, he believes his "gross" federal sentence is 36 months, but should be reduced to 24 months after he is credited for "State Time." Additionally, he seeks Good Credit Time based on a sentence of 24 months. Otherwise, he claims, "[t]he Bureau of Prisons will not recognize the State jail time credits unless it is applied in this manner." (Pet. at 2.)

Analysis

There are three grounds upon which Petitioner asserts he is entitled to relief. First, he claims defense counsel misinformed Judge Tucker at his December 16, 2010 sentencing hearing. Instead of advising the judge he had allegedly been in State custody for 31 months, from April 4, 2008 until November 2, 2010, his attorney stated "24 months." Petitioner claims this alleged misinformation was "inadvertently" provided to his attorney by the Pennsylvania Parole Board. As a result, he claims he should be serving a sentence of 5 months and one day, not one year and one day. This adjustment would reflect the 7 months gap between the amount of §5G1.3 credit he

3

received at sentencing based on misinformation, versus the amount he should have received.

Petitioner's second ground for relief presupposes "§5G.1" of the United States Sentencing Guidelines (USSG) divides a defendant's state or county time from his federal time. As a result, he claims "sentencing judges are not allowed to impose the gross sentence and credit to the previous served jail time, because the time is already served."[2] (Pet. at 3.) He claims that under "§ 5G.1" he was, "in fact," serving part of his federal sentence while in the custody of the Commonwealth of Pennsylvania. He asks this Court to adjust the 24 months of jail credit from his Pennsylvania sentence to include 102 days of Good Credit Time (GCT) because the Commonwealth does not have a GCT program.[3] In support of his claim for entitlement to accrue GCT for time he spent in a state facility, Petitioner hypothetically aggregates his Commonwealth and federal sentences. The basis for this logic is his presumption that the convictions are related and that, essentially, he was serving part of his federal sentence in state prison. Because he served his state time without incident, he would otherwise be entitled to earn 102 days GCT if he were in federal prison.

Finally, he requests a correction to his BOP computation records. As of March 17, 2011 his records reflect that his October 2, 2009 and December 16, 2010 sentences were each one year and one month. Court records indicate, however, that each sentence is actually one year and one day. He suggests it would be futile to seek administrative relief through the BOP because he is

---

[2]Guideline §5G.1, which Petitioner repeatedly cites, does not exist. Because Judge Tucker referenced guideline §5G1.3 at Petitioner's sentencing, the Court presumes this is the guideline to which he is referring.

[3]There is some confusion regarding Petitioner's request. Here, it appears he concedes he was only entitled to 24 months of §5G1.3 credit based on the length of his Pennsylvania sentence, while under Ground One he asserts his Commonwealth sentence was 31 months.

4

entitled to immediate release. Currently, the BOP records indicate a projected release date of November 6, 2012.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition is dismissed.

*Exhaustion*

"[F]ederal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). The BOP maintains an Administrative Remedy Program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). Petitioner argues it is futile to exhaust his remedies because he is entitled to immediate release.

The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001). As the Sixth Circuit has noted, however, "[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." *Urbina v. Thoms*,

5

270 F.3d 292, 295 n. 1 (6th Cir.2001)(quoting *Taylor v. United States*, No. 95-5150, 1995 WL 460512 (6th Cir. Aug. 2,1995)).

Unlike a statutorily imposed exhaustion requirement, the judicially created administrative remedy exhaustion requirement does permit waiver of further exhaustion in the face of futility. *Aron v. LaManna*, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing *McKart v. United States*, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir.1982)). Resort to administrative remedies is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C.Cir.1987). This Court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990).

Petitioner is not entitled to waive exhaustion. While there appears to be a discrepancy between the supervised release sentences imposed by the courts and the BOP's records, there is no evidence the BOP would refuse to correct such an error. This is an issue which clearly warrants exhaustion of administrative remedies. Based on the allegations in the Petition, there is sufficient time before Petitioner's 2012 release date to address this issue. Therefore, his request for correction of his BOP computation data is dismissed without prejudice. The remainder of his claims lack merit, or are not properly before this Court.

6

*28 U.S.C. § 2241*

To the extent Petitioner claims he is entitled to accrue GCT for time he spent in state custody, he fails to state a claim. A prisoner's entitlement to GCT is controlled by 18 U.S.C. §3624, which provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . .

18 U.S.C. §3624. Current case law presumes that credit is earned only for the years in which the prisoner is actually incarcerated. *See e.g. Trevino-Casares v. U. S. Parole Comm'm*, 992 F.2d 1068, 1072 (10th Cir. 1993)( "the application of service credits is governed by 18 U.S.C.§ 3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving"); *see also Mistretta v. United States*, 488 U.S. 361, 367 (1989). Thus, the credits only apply to the sentence being served. As Petitioner noted, this provision does not apply to Pennsylvania sentences and this Court does not have the authority to expand the reach of this statutory provision.

Petitioner's challenge to the amount of credit to which he claims he is entitled in Case No. 2:10cr0182, is an attack on his sentence. Judge Tucker relied on U.S.S.G. §5G1.3(b) to provide a downward adjustment when he sentenced Petitioner on December 16, 2010. Section 5G1.3 provides, in relevant part:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3

7

> (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. §5G1.3(b). Clearly, any sentence adjustment based on § 5G1.3 cannot be addressed in a §2241 petition. Section 2241 is reserved for claims seeking to challenge the execution or manner in which the sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Moreover, the Sixth Circuit has cautioned against interpreting a § 2241 petition as a §2255 motion to vacate.[4]

---

[4]In *In re Shelton*, 295 F.3d 620 (6th Cir.2002), the Sixth Circuit held that, with regard to pro se litigants in particular:

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the
>
> (continued...)

8

*Sentence Credit*

Petitioner cannot request sentence credit based on criteria which can only be addressed at the time he is sentenced. Post conviction requests for credit must first come through the BOP. After a district court sentences a federal offender, it is the Attorney General, through the BOP, who has responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. It is only through 18 U.S.C. §3585 that an offender may seek jail-time credit. Because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"). As noted above, exhaustion of administrative remedies within the BOP is a prerequisite to seeking review of the BOP's calculation of an inmate's release date. *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir.1992), *cert. denied*, 507 U.S. 1019 (1993). Petitioner has neither requested entitlement to credit pursuant to §3585, nor has he pursued this matter through the administrative exhaustion process.

---

[4](...continued)
    nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

*Id.* at 622 (citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir.1998)).

*Conclusion*

Based on the foregoing, this Petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.    IT IS SO ORDERED.

/s/ Donald C. Nugent 6/23/11
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE